

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00240-CR
_____

GARY LEE BILBREY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 69,659-A, Honorable Dan L. Schaap, Presiding

November 23, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Gary Lee Bilbrey was indicted for the third-degree felony offense of assault with bodily injury of a family member, having been convicted of assault with bodily injury of a family member previously.[1]  He pled not guilty and the case was tried to the bench.  The complainant testified appellant struck her in the face with his hand, cutting her lip.  This was documented in police photographs admitted in evidence.

---

[1] TEX. PENAL CODE ANN. 22.01(b)(2)(A) (West Supp. 2015).

According to the complainant's testimony, at the time of the occurrence she and appellant were involved in a dating relationship. The State's evidence also included a certified copy of a 2013 judgment convicting appellant under Penal Code Chapter 22.01 for assault causing bodily injury, family violence. The complainant testified she also was the victim of the assault that led to the 2013 conviction, and that she and appellant were living together when he assaulted her on that occasion. The court found appellant guilty of the charged offense and sentenced him to two years' confinement in prison. A fine was not assessed. Appellant timely appealed.

Appellant's court-appointed appellate attorney has filed a motion to withdraw from the representation supported by an *Anders* brief.[2] Counsel points out in his brief that the judgment incorrectly states appellant pled guilty to the charged offense. Otherwise, he concludes the record fails to show any arguably meritorious issue capable of supporting the appeal. We will grant counsel's motion to withdraw, modify the judgment to state that appellant entered a not-guilty plea to the charged offense, and affirm the judgment as modified.

In his *Anders* brief, counsel demonstrates a thorough review of the record. He expressly states the case presents no reversible error and, aside from the erroneous statement of appellant's plea, no grounds exist for predicating an appeal. In his motion to withdraw, counsel states he provided appellant a copy of the motion by certified and regular delivery mail. In a letter to appellant, counsel states he provided his client with a copy of the *Anders* brief and a copy of the record. Through the letter counsel notified

_____

[2] *See Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008) (orig. proceeding).

appellant of his right to file a *pro se* response. *See Kelly v. State,* 436 S.W.3d 313, 320 n.22 (Tex. Crim. App. 2014); *Johnson v. State,* 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. refused). By letter, we also notified appellant of his opportunity to submit a response to the *Anders* brief. Appellant filed a response which we considered in our review of the record.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). Should we determine the appeal has merit, the case will be remanded to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We have independently examined the entire record to determine the existence of any arguable grounds capable of supporting an appeal. *Penson v. Ohio,* 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005).

As noted, the written judgment states appellant pled guilty to the charged offense. However, the reporter's record contains appellant's not-guilty plea entered in open court. We therefore modify the judgment so that it states appellant pled not guilty to the charged offense. *See Jackson v. State,* Nos. 05-13-00579-CR & 05-13-00580-CR, 2014 Tex. App. LEXIS 9059, at *11 (Tex. App.—Dallas Aug. 14, 2014, no pet.) (mem. op., not designated for publication) (explaining that where the record provides

3

the information necessary to correct an inaccuracy in the judgment, an appellate court has the authority to reform the judgment "to speak the truth").

Otherwise, we find the record presents no arguably meritorious grounds for review. We therefore grant counsel's motion to withdraw[3] and, as modified, affirm the judgment of the trial court. TEX. R. APP. P. 43.2(b).

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* TEX. R. APP. P. 48.4.